[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2012
JOHN LEY
CLERK

No. 11-15925
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00015-MP-GRJ


GEORGE HICKS,

                                                         Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 6, 2012)


Before MARCUS, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

George Hicks appeals the order that affirmed the termination of his disability insurance benefits. 42 U.S.C. § 405(g). Hicks argues that the administrative law judge failed to accord adequate weight to the opinion of his treating physician, Dr. Oscar DePaz, that Hicks was disabled in 2004. Hicks also challenges the finding of the administrative law judge that Hicks's mental condition had improved and he was ineligible for benefits as of January 1, 2002. We affirm.

On June 16, 1995, an administrative law judge ruled that Hicks was disabled as of March 17, 1986, due to failed back syndrome; his status after four back surgeries in which he had a bulging disk removed, screws and fusion rods inserted to stabilize his spine, fusion of his vertebrae at L-3/4 and L4-4/5, and femoral rings inserted at S-5/5-1; chronic back pain syndrome; and major depression. In December 2001, the Commissioner conducted a continuing disability review and determined that, effective January 1, 2002, Hicks was ineligible for benefits because of his medical improvements. The administrative law judge affirmed the finding of the Commissioner, but the district court reversed and remanded for the administrative law judge to "give[] greater weight" to the opinion of Hicks's "only

2

treating physician of record at this time," Dr. DePaz, and to elicit testimony from a vocational expert about the jobs available to Hicks. On remand, the administrative law judge conducted an evidentiary hearing and again determined that Hicks was ineligible for benefits. A magistrate judge recommended affirming the decision of the administrative law judge, and the district court adopted the recommendation.

We review the decision by the Commissioner to determine if it is "supported by substantial evidence and based on proper legal standards." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (internal quotation marks omitted). Because "[w]e may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner," we must affirm a decision supported by substantial evidence, "even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (internal citations and quotation marks omitted).

Substantial evidence supports the decision of the administrative law judge to assign less weight to Dr. DePaz's opinion that Hicks was disabled than to the opinions of other physicians that Hicks was able to work. In 2004, Dr. DePaz stated on a clinical pain assessment form that Hicks could not complete a workday

3

because of marked pain caused by his back that required him to take frequent breaks, but the assessment was inconsistent with Dr. DePaz's medical notes. Medical notes from Dr. DePaz's last evaluation of Hicks in August 2001 recorded that Hicks's back pain was "moderate and consistent." Dr. DePaz's other medical notes established that Hicks's physical condition had improved steadily over time: in June 1999, Hicks had reported increased pain and stiffness since a car accident in April 1999; in July 1999, an EMG produced "normal" results and, although an MRI showed a bulging disc at C4-5 and a mild to moderate narrowing of a spinal canal, Hicks had reported that his medications had alleviated general pain and that physical therapy had been somewhat helpful; in January 2000, Hicks had reported that his pain had diminished by 40% after receiving a facet block in November 1999; in March 2000, Hicks had reported getting worse, but a physical examination revealed that his symptoms had not changed; in May and August 2000, examinations revealed that Hicks had improved overall and he had reported that his medications were effective with no side effects; in October 2000, Hicks had reported that he had been doing "pretty good" other than some pain in his neck and back and occasional headaches; and in February 2001, Hicks had reported that a nerve block injection he had received in January 2001 had reduced significantly pain in his neck and back.

Dr. DePaz's assessment in 2004 also was inconsistent with the assessments of other physicians in the last quarter of 2001 and in early 2002. In November 2001, Dr. Lance Chodosh performed a consultative examination and found that Hicks had a full range of motion except in his neck and shoulders and full strength in all his extremities; Hicks did not have any spinal impairment other than a "modest decrease in spinal mobility secondary to fusion"; and Hicks could bend to a moderate degree, lift and carry up to 25 pounds occasionally, probably squat and kneel, and handle items of moderate size and weight. In December 2001, Dr. Nicholas Bancks performed a residual functional capacity assessment and found that Hicks was capable of lifting and carrying 10 pounds frequently and 20 pounds occasionally; could stand or walk for 6 hours of an 8-hour workday; could push and pull without limitation; could climb, kneel, and crawl frequently; and could balance, stoop, and crouch occasionally. In February 2002, Dr. Tom Peele performed an advisory physical residual capacity assessment and made findings virtually identical to those made by Dr. Bancks. Dr. Peele reported that Hicks was "partially credible" and appeared to "magnify" his gait and pain; Dr. Peele also mentioned in his assessment a "videotape showing [Hicks] cutting trees and playing volleyball" and that a "phone call to his [home] produced verbal confirmation" of those activities. Although Hicks argues that greater weight

5

should have been assigned to Dr. DePaz's opinion as a treating physician, Hicks does not challenge the validity of the assessments of other physicians. Those opinions support the findings of the administrative law judge that Hicks's condition had improved to the extent that he was capable of resuming his past work or performing unskilled light work. See 42 U.S.C. § 423(f); Vaughn v. Heckler, 727 F.2d 1040, 1043 (11th Cir. 1984) (benefits can be terminated once "there is substantial evidence of actual improvement to the point of no disability").

Substantial evidence also supports the decision of the administrative law judge that Hicks had improved mentally. Although Hicks qualified for benefits in 1995 because of his visual and auditory hallucinations, severe depression, suicidal thoughts, and psychosis, Hicks's condition had improved by December 2001, when a consultative psychologist, Andres Nazario, and a psychiatrist, Alejandro Vergara, reported that Hicks suffered from mild depression. Dr. Nazario reported that Hicks had learned to "cope with his condition," and Dr. Vergara reported that Hicks suffered only mild limitations in his daily living, social functioning, and concentration, persistence, and pace. Also in December 2001, Dr. T. Wayne Conger, a consulting psychiatrist, reported that Hicks was capable of performing daily living activities independently and, "[a]lthough he . . . experience[d] some depression related to his current situation and physical problems, he [was] able to

6

relate in a socially appropriate manner and [did] not demonstrate a severe mental impairment." Hicks argues, for the first time, that a second hypothetical question posed to the vocational expert failed to incorporate comprehensively his impairments like his mental condition, but Hicks waived this argument by failing to present it to the district court. See Stewart v. Dep't of Health & Human Servs., 26 F.3d 115, 115–16 (11th Cir. 1994).

We **AFFIRM** the decision to terminate Hicks's benefits.