[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15425
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00841-JHE


ROBBIE MCCLURKIN,

Plaintiff - Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 4, 2015)

Before MARCUS, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Robbie McClurkin appeals the district court's order affirming the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income. On appeal, she argues that the ALJ failed to explain the weight given to a medical opinion from Dr. Jane Teschner and improperly discredited the opinion of David R. Wilson, a consultative psychological examiner, because it was the product of an attorney referral. Because the ALJ did not state with particularity the weight it gave to Dr. Teschner's medical opinion, we vacate the district court's order and remand the case for further proceedings.

I.

Ms. McClurkin, now 41, has a ninth-grade education, attended special education classes, and has an IQ score of 71. She previously worked as a convenience store clerk. She suffers from depression, anxiety, shoulder pain, and degenerative disc disease. In 2008, Ms. McClurkin applied for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner of Social Security ("the Commissioner") denied her application, and she requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ denied her application, and the Appeals Council denied her request to review the decision. The denial of her application became final in 2013. Soon after the

denial, Ms. McClurkin filed this lawsuit.  The district court affirmed the ALJ's

decision, finding that it was supported by substantial evidence.

## II.

"In Social Security appeals, we review *de novo* the legal principles upon

which the Commissioner's decision is based."  *Moore v. Barnhart*, 405 F.3d 1208,

1211 (11th Cir. 2005).  When the Appeals Council denies review of the ALJ's

decision, as here, we review the ALJ's decision as the Commissioner's final

decision.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review the

final decision only to determine whether it is supported by substantial evidence,

which is "more than a scintilla and is such relevant evidence as a reasonable person

would accept as adequate to support a conclusion."  *Winschel v. Comm'r of Soc.

Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "We may not decide the facts anew,

reweigh the evidence, or substitute our judgment for that of the Commissioner."

*Id.* (internal quotation marks and alterations omitted).

## III.

To qualify for a period of disability, disability insurance benefits, or

supplemental security income, a claimant must be unable "to engage in any

substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or

3

can be expected to last for a continuous period of not less than 12 months." 42

U.S.C. § 423(d).  To determine whether a claimant is disabled, the Social Security

Act applies a five-step sequential evaluation.  20 C.F.R. § 404.1520(a); 20 C.F.R.

§ 416.920(a).  If the claimant is conclusively found to be disabled or not disabled

at any step, then the ALJ does not proceed to the next step.

An ALJ must consider all medical opinions in a claimant's case record,

together with other relevant evidence.  20 C.F.R. § 404.1527(b).  "[T]he ALJ must

state with particularity the weight given to different medical opinions and the

reasons therefor."  *Winschel*, 631 F.3d at 1179.  In the absence of such a statement,

it is impossible for a reviewing court to determine whether the ultimate decision on

the merits of the claim is rational and supported by substantial evidence.  *Id*.

"Therefore, when the ALJ fails to state with at least some measure of clarity the

grounds for his decision, we will decline to affirm simply because some rationale

might have supported the ALJ's conclusion."  *Id*. (internal quotation marks

omitted).  In *Winschel*, we reversed after determining that it was "possible that the

ALJ considered and rejected" two medical opinions because "without clearly

articulated grounds for such a rejection, we cannot determine whether the ALJ's

conclusions were rational and supported by substantial evidence."  *Id*.

Here, the ALJ failed to clearly articulate either the weight given to Dr. Teschner's opinion or the grounds for discounting Dr. Teschner's report.[1] Specifically, Dr. Teschner completed a physical capacities form that conflicted with assessments from two doctors whose opinions were expressly given weight, but the ALJ did not specify what weight was given to Dr. Teschner's opinion or explain why he gave weight to the other opinions over hers.[2] The district court determined that this failure was of no moment because Dr. Teschner was a non-treating physician, and as a result, the ALJ did not need to explain the bases for rejection. However, it is clear from our decision in *Winschel* that the explanation requirement applies equally to the opinions of treating physicians and non-treating physicians. 631 F.3d at 1179 (reversing the ALJ's decision for failure to articulate grounds for rejection of medical opinions from a treating physician and a non-treating physician). Accordingly, the ALJ's failure to explain his grounds for discounting Dr. Teschner's report is reversible error, even though Dr. Teschner was not a treating physician.

The Commissioner argues that, although the ALJ did not explicitly state his reasons for rejecting Dr. Teschner's report, his decision shows that he implicitly rejected the report in favor of more credible evidence. Appellees' Br. at 27. The

---

[1] The Commissioner has conceded that "the ALJ did not explicitly state the weight afforded to the limitations proposed by Dr. Teschner." Appellees' Br. at 27.

[2] Ms. McClurkin makes the same arguments as to Dr. Wilson. However, the ALJ followed the procedures required by *Winschel* by discussing Dr. Wilson's opinion and the reasons for assigning less weight to it.

Commissioner relies on *Dyer v. Barnhart* for the proposition that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is not enough to enable the district court or this Court to conclude that the ALJ considered her medical condition as a whole."  395 F.3d 1206, 1211 (11th Cir. 2005) (internal quotation marks and alterations omitted).  But in *Dyer*, we were referring to an ALJ's duty to discuss general objective evidence, such as the prescriptions a claimant took.  *Winschel*, which was decided more recently than *Dyer*, deals with an ALJ's heightened duty to discuss medical opinions; thus, it controls in this case.

Because the ALJ failed to state with particularity the weight assigned to Dr. Teschner's opinion or the reasons why he may have discarded her opinion, we vacate and remand to the district court with instructions to return the case to the Commissioner for proceedings consistent with this opinion.[3]

**VACATED AND REMANDED.**

---

[3] Ms. McClurkin also argues that it was inappropriate for the ALJ to discount Dr. Wilson's testimony on the ground that he was referred to Ms. McClurkin by an attorney.  We do not address this argument because we vacate based on the ALJ's failure to explain its treatment of Dr. Teschner's opinion.