[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10620

_____

D.C. Docket No. 6:08-cv-01750-DAB

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 24, 2011
JOHN LEY
CLERK

MICHAEL JOHN WINSCHEL,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,
SOCIAL SECURITY ADMINISTRATION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 24, 2011)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

WILSON, Circuit Judge:

Michael Winschel appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of his application for disability

insurance benefits and supplemental security income, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), respectively. First, Winschel asserts that the ALJ erred by failing to consider and to specify the weight he accorded to the medical opinions of a treating physician and an examining physician. Second, Winschel contends that the ALJ erred by posing an incomplete hypothetical question to the vocational expert and then by relying on the vocational expert's response to conclude that there were significant numbers of jobs in the national economy that Winschel could perform. Winschel argues that these errors demonstrate that the ALJ's denial of benefits was not based on proper legal standards and was not supported by substantial evidence. We agree, and for the following reasons, we reverse and remand.

In Social Security appeals, we must determine whether the Commissioner's decision is "'supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Phillips*

2

*v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience. *See Phillips*, 357 F.3d at 1237–39; 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

## I.

Winschel first argues that the ALJ's treatment of medical opinions at the fourth and fifth steps of the sequential evaluation process constitutes reversible error. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms,

3

diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Absent "good cause," an ALJ is to give the medical opinions of treating physicians "substantial or considerable weight." *Lewis*, 125 F.3d at 1440; *see also* 20 C.F.R. §§ 404.1527(d)(1)–(2), 416.927(d)(1)–(2). Good cause exists "when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. With good cause, an ALJ may disregard a treating physician's opinion, but he "must clearly articulate [the] reasons" for doing so. *Id.* at 1240–41.

Moreover, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's

4

conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation marks omitted).

The Commissioner argues that the ALJ was not required to consider the treating physician's treatment notes because they did not constitute a "medical opinion," but this argument ignores the language of the regulations. The treating physician's treatment notes included a description of Winschel's symptoms, a diagnosis, and a judgment about the severity of his impairments, and clearly constituted a "statement[] from [a] physician . . . that reflect[s] judgments about the nature and severity of [Winschel's] impairment(s), including [Winschel's] symptoms, diagnosis and prognosis, what [Winschel] can still do despite impairment(s), and [Winschel's] physical or mental restrictions." 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

In this case, the ALJ referenced Winschel's treating physician only once, and that reference merely noted that Winschel saw the doctor monthly. The ALJ did not mention the treating physician's medical opinion, let alone give it

5

"considerable weight." Likewise, the ALJ did not discuss pertinent elements of the examining physician's medical opinion, and the ALJ's conclusions suggest that those elements were not considered. It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence. Accordingly, we reverse. On remand, the ALJ must explicitly consider and explain the weight accorded to the medical opinion evidence.

## II.

Next, Winschel argues that the ALJ's finding of no disability is not supported by substantial evidence because the hypothetical question upon which the vocational expert based his testimony omitted Winschel's moderate limitations in maintaining concentration, persistence, and pace, despite the ALJ's finding that Winschel's mental impairments caused such limitations.

At step five, the Commissioner must determine that significant numbers of jobs exist in the national economy that the claimant can perform. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239–40.

"In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam).

We have never addressed in a published opinion whether a hypothetical question to a vocational expert must specifically account for limitations in concentration, persistence, and pace identified during the Psychiatric Review Technique ("PRT").[1] The Commissioner contends that to include such limitations in a hypothetical question would inappropriately conflate independent inquiries—the PRT, at steps two and three, and the RFC, at step four. Other circuits have rejected this argument, *see Ramirez v. Barnhart*, 372 F.3d 546, 554 (3d Cir. 2004); *Kasarsky v. Barnhart*, 335 F.3d 539, 544 (7th Cir. 2003) (per curiam); *Newton v. Chater*, 92 F.3d 688, 695 (8th Cir. 1996), and so do we. Though the PRT and RFC evaluations are undeniably distinct, *see* 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3), nothing precludes the ALJ from considering the results of the former in his determination of the latter. *See Ramirez*, 372 F.3d at 555 ("While [Social Security Ruling] 96-8p does state that the [PRT] findings are

---

[1] We have, however, noted that an ALJ must incorporate the results of the PRT into his findings and conclusions. *See Moore v. Barnhart*, 405 F.3d 1208, 1213–14 (11th Cir. 2005) (per curiam).

'not an RFC assessment' and that step four requires a 'more detailed assessment,' it does not follow that the findings on the [PRT] play no role in steps four and five, and [Social Security Ruling] 96-8p contains no such prohibition.").

Other circuits have also rejected the argument that an ALJ generally accounts for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work. *See Stewart v. Astrue*, 561 F.3d 679, 684–85 (7th Cir. 2009) (per curiam); *Ramirez*, 372 F.3d at 554; *Newton*, 92 F.3d at 695. But when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations. *See Simila v. Astrue*, 573 F.3d 503, 521–22 (7th Cir. 2009); *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–76 (9th Cir. 2008); *Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001). Additionally, other circuits have held that hypothetical questions adequately account for a claimant's limitations in concentration, persistence, and pace when the questions otherwise implicitly account for these limitations. *See White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 288 (6th Cir. 2009) (concluding that the ALJ's reference to a moderate limitation in maintaining "attention and concentration" sufficiently represented the

claimant's limitations in concentration, persistence, and pace); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (concluding that the hypothetical question adequately incorporated the claimant's limitations in concentration, persistence, and pace when the ALJ instructed the vocational expert to credit fully medical testimony related to those limitations).

In this case, the ALJ determined at step two that Winschel's mental impairments caused a moderate limitation in maintaining concentration, persistence, and pace. But the ALJ did not indicate that medical evidence suggested Winschel's ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical. Consequently, the ALJ should have explicitly included the limitation in his hypothetical question to the vocational expert.

Because the ALJ asked the vocational expert a hypothetical question that failed to include or otherwise implicitly account for all of Winschel's impairments, the vocational expert's testimony is not "substantial evidence" and cannot support the ALJ's conclusion that Winschel could perform significant numbers of jobs in the national economy. Accordingly, we reverse. On remand, the ALJ must pose a hypothetical question to the vocational expert that specifically accounts for Winschel's moderate limitation in maintaining concentration, persistence, and

pace.

**REVERSED** and **REMANDED**.