[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2011
JOHN LEY
CLERK

No. 10-15227
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cv-00628-SCB-AEP

GEORGE KINNARD,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 17, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

George Kinnard appeals the order that affirmed the denial of his

applications for disability insurance benefits and supplement security income from

the Social Security Administration. 42 U.S.C. §§ 405(g), 1383(c)(3). Kinnard challenges the hypothetical questions posed to the vocational expert. We affirm.

Kinnard argues that the hypothetical question was incomplete because the administrative law judge did not mention that the claimant could tolerate frequent exposure to certain environmental conditions, but we disagree. A "hypothetical question[] adequately account[s] for a claimant's limitations . . . when the question[] otherwise implicitly account[s] for the[] limitations." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011). The administrative law judge instructed the vocational expert that the hypothetical individual had "no significant environmental limitations," which accounted for the minimal environmental limitations that the administrative law judge included in Kinnard's residual functional capacity assessment.

Kinnard also argues that the questions posed to the vocational expert did not account for his difficulty in maintaining concentration, persistence, and pace because of his depression and substance abuse, but again we disagree. "Concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." 20 C.F.R. § 404, Subpt. P, App. 1. The administrative law judge credited the findings of Steven Kanakis, a

2

consultative psychologist, that Kinnard had logical and coherent thought processes, fair concentration and attention, and of Alfred Jonas, a psychiatrist, that Kinnard could complete and make judgments about simple matters, suffered no more than mild impairments in completing and making judgments about complex matters, and could interact with others and respond appropriately in usual work surroundings. Based on this evidence, the administrative law judge determined that Kinnard had "mild to moderate difficulties in concentration, persistence, and pace," and hypothetical questions asked by the administrative law judge and Kinnard's attorney accounted for these limitations, see Winschel, 631 F.3d at 1180. The administrative law judge asked the vocational expert to determine what work could be performed by a claimant who was mildly limited in his ability to understand, remember, and execute complex instructions; mildly to moderately limited in his ability to make judgments on complex work-related decisions; mildly limited in his ability to interact appropriately with the public, supervisors, and coworkers; and mildly limited in his ability to respond appropriate to changes in a routine work setting. See 20 C.F.R. § 404.1545(c) (the "limited ability to carry out certain mental activities" encompasses "limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting"). Kinnard's

3

attorney later asked if a marked limitation in executing detailed instructions would eliminate any of the four jobs available to Kinnard, and the vocational expert responded that the limitation would not reduce the availability of the jobs because they were "simple, repetitive, one to three-step jobs." See Simila v. Astrue, 573 F.3d 503, 521–22 (7th Cir. 2009) ("claimants who . . . are 'mildly to moderately limited in [concentration, persistence, or pace]' are able to perform 'simple and repetitive light work'" (quoting Sims v. Barnhart, 309 F.3d 424, 431 (7th Cir. 2002)).  The vocational expert understood and considered all of Kinnard's limitations.

The denial of Kinnard's application for benefits is **AFFIRMED**.