[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10134
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-00233-GRJ

SEAN PINION,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 19, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Sean Pinion appeals from the district court's judgment affirming the Administrative Law Judge's ("ALJ") denial of his application for disability insurance benefits, 42 U.S.C. § 405(g), and supplemental security income, 42 U.S.C. § 1383(c)(3).  On appeal, Pinion argues that: (1) the ALJ's finding that Pinion could work was unsupported by substantial evidence because the ALJ failed to specify Pinion's limited ability to maintain his concentration, persistence, or pace in the ALJ's hypothetical question to the vocational expert ("VE"); and (2) the ALJ erred by rejecting the VE's testimony that a hypothetical person with the limitations set forth in the report of  Dr. Benet, a consulting psychologist, would not be able to work.  After careful review, we affirm.

In a Social Security appeal, we must determine whether the ALJ's decision is supported by substantial evidence and based upon proper legal standards.  See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011).  Substantial evidence requires more than a scintilla of evidence, and is such relevant evidence as a reasonable person would accept as sufficient to support a conclusion.  Id.  We do not decide the facts anew, reweigh the evidence, or substitute our own judgment for that of the ALJ.  Id.  Rather, so long as it is supported by substantial evidence, we must defer to the ALJ's decision even if the evidence may preponderate against it.  See Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).

2

Eligibility for disability insurance benefits and supplemental security income requires that the claimant is under a disability. 42 U.S.C. § 423(a)(1)(E); 42 U.S.C. § 1382(a)(1)-(2). In relevant part, a claimant is under a disability if he is unable to engage in substantial gainful activity by reason of a medically determinable impairment that can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). The claimant bears the burden of proving his disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003).

In order to determine whether a claimant is disabled, the SSA applies a 5-step sequential evaluation. 20 C.F.R. §§ 404.1520(a), 416.920(a). This process includes an analysis of whether the claimant: (1) is unable to engage in substantial activity; (2) has a severe medically determinable physical or mental impairment; (3) has such an impairment that meets or equals a Listing and meets the duration requirements; (4) can perform his past relevant work, in light of his residual functional capacity ("RFC"); and (5) can make an adjustment to other work, in light of his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

A claimant who can perform his past relevant work is not disabled. 20 C.F.R. §§ 404.1560(b)(3), 416.960(b)(3). When determining whether a claimant can perform his past relevant work, the ALJ first determines the claimant's RFC.

3

See 20 C.F.R. §§ 404.1520(e), 416.920(e).  The claimant's RFC is an assessment, based upon all relevant evidence, of the claimant's ability to do work despite his impairments.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

If the claimant meets the burden of proving that she is unable to perform her past relevant work, the Commissioner bears the burden of determining whether there is other work available at the fifth step.  Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999).  The Commissioner may show "that the claimant can perform other jobs . . . through the testimony of a VE."  Id. at 1229.  "In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  Id.  However, an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."  Crawford, 363 F.3d at 1161.

Where an ALJ determines at step two of the sequential evaluation process that the claimant's mental impairments caused limitations in concentration, persistence, or pace, the ALJ must include those limitations in the hypothetical questions posed to the VE.  Winschel, 631 F.3d at 1180-81.  However, the ALJ may instead include in the hypothetical questions the limitation that the claimant is restricted to unskilled work if the medical evidence shows that the claimant can perform simple, routine tasks or unskilled work despite her limitations in

concentration, persistence, or pace. Id. (remanding for the ALJ to explicitly include the claimant's moderate limitation in maintaining concentration, persistence, or pace in the hypothetical question because "the ALJ did not indicate that medical evidence suggested [that the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical").

The opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. Id. at 1241. "When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate its reasons." Id.

In this case, the ALJ adequately considered Pinion's limitations when assessing his RFC. As the record shows, the ALJ appropriately accounted for Pinion's limitations in concentration, persistence, or pace by including in the RFC and the hypothetical question the finding that Pinion had moderate restrictions in the ability to understand, remember and carry out detailed instructions, to set realistic goals, and to make plans independently of others; that he had decreased focus, especially involving complex, mental demands, but was capable of

5

understanding, remembering and carrying out simple instructions and tasks; and that he required simple instructions and supportive supervision (especially at the beginning) for well-structured tasks.  Accordingly, the VE's response to the properly formulated hypothetical question constitutes substantial evidence supporting the ALJ's decision.

As for Dr. Benet's report, the ALJ found that the opinion contained within -- that Pinion would have marked difficulty performing tasks involving sustained concentration and persistence, social interaction and adaption -- was inconsistent with the evidence of record.  Specifically, the ALJ found that Pinion had very active daily living activities, and that he was able to care for not only himself, but also his three-week old child for a substantial part of the day.  Pinion also testified that he had friends, was engaged, and participated in social activities with his friends and fiancée.  These activities were inconsistent with Dr. Benet's opinion that Pinion would suffer marked difficulty performing tasks involving sustained concentration and persistence, social interaction and adaption.  See Phillips, 357 F.3d at 1241.  Therefore, the ALJ properly disregarded the VE's testimony based on Dr. Benet's opinion, as it was not bolstered by the evidence.  Id.

**AFFIRMED.**