[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10940
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-01021-RBD-TBS


MARK ANTHONY WEIRBACK,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 4, 2013)

Before HULL, PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Mark Anthony Weirback appeals a decision affirming the denial of his application for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). We affirm.

Weirback argues that the administrative law judge failed to account for Weirback's moderate difficulties in maintaining concentration, persistence, or pace in a hypothetical question to a vocational expert and in determining Weirback's residual functional capacity, but we disagree. Weirback testified that his functional limitations were impaired by severe diarrhea, fatigue, vomiting, and a lack of concentration, but the administrative law judge was entitled to discredit Weirback's testimony because he had not complained about those symptoms to his physicians; his medical treatment had remained routine or conservative in treating his impairments; and a doctor for the Florida Department of Health had examined Weirback and found that he had an intact memory and adequate concentration. Further, the doctor who performed the residual functional capacity assessment accounted for Weirback's complaints and found that he could perform sedentary work with occasional stopping and crouching and that he had exaggerated the severity of his complaints. See Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990); 20 C.F.R. § 404.1529(c)(4) (evaluating symptoms based on "any inconsistencies in the evidence and the extent to which there are any conflicts between [the] statements [of the claimant] and the rest of the evidence"). The

administrative law judge found that Weirback's moderate difficulties restricted his ability to work only to the extent that he was limited to simple repetitive tasks with no work with crowds or the public and no teamwork, and the administrative law judge included those limitations in the hypothetical question and her assessment of Weirback's residual functional capacity. See Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1181 (11th Cir. 2011) (remanding because the hypothetical question failed to mention that the applicant was limited in concentration, persistence, and pace or to "otherwise implicitly account for the limitation"). The answer of the vocational expert provided substantial evidence to support the finding that Weirback could perform the requirements of a dowel inspector, nut sorter, and document preparer.

We **AFFIRM** the denial of Weirback's application for benefits.