**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEANNIE NICOLE BRUESCH, | No. 14-35124 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-01453-HU |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 6, 2015**

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Jeannie Bruesch appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. Bruesch contends that the administrative law judge ("ALJ") erred by failing to include in his residual functional capacity finding or in his question to the vocational expert his finding at step three of the sequential evaluation process, and doctors' findings, that Bruesch had moderate difficulties with regard to concentration, persistence, or pace. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's judgment de novo. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). "[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical [record]." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). In *Stubbs-Danielson*, we held that a finding that a claimant had the residual functional capacity "to perform simple, routine, repetitive sedentary work," as well as a hypothetical question that reflected the same limitations, adequately incorporated limitations related to pace and other mental limitations regarding attention, concentration, and adaption that had been identified by doctors. *Id.* at 1173-76. We explained that only one doctor had assessed whether the claimant could perform unskilled work on a sustained basis, and this doctor had concluded that the

claimant could do so despite the doctor's additional finding that the claimant had a slow pace.  *Id.* at 1174-75.

In assessing Bruesch's residual functional capacity, the ALJ found that she was limited to "understanding, remembering and carrying unskilled instructions." In his hypothetical question to the vocational expert, the ALJ described a person who "would be limited to unskilled work."  Like the doctor in *Stubbs-Danielson*, Dr. Gregory Cole concluded that despite Bruesch's tendency to give up easily on tasks and her slow pace, she was able to sustain simple, routine tasks.  Two other psychologists similarly concluded that despite Bruesch's limitations in concentration, persistence, or pace, she was capable of performing her past relevant work.  Accordingly, the ALJ's residual functional capacity finding and hypothetical question were consistent with the restrictions identified in the medical record and thus adequately described Bruesch's limitations.  *See id.* at 1174-75; *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180-81 (11th Cir. 2011) (requiring hypothetical question posed to vocational expert to account specifically for "moderate limitation[s] in maintaining concentration, persistence, and pace").

**AFFIRMED.**