**Charolette A. WILLIAMS, Plaintiff-Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.**

**No. 16-11554**

**Non-Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

(February 27, 2017)

Charolette A. Williams, Pro Se

Arthurice Tylune Brundidge, Jerome M. Albanese, Megan Elizabeth Gideon, William Lawrence Hogan, Amy Morelli, Mary Ann Sloan, Social Security Administration, Office of the General Counsel, Atlanta, GA, Arthur Lee Bentley, III, John F. Rudy, III, U.S. Attorney's Office, Tampa, FL, for Defendant-Appellee

Before MARCUS, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Charolette A. Williams filed an application for disability insurance benefits with the Commissioner of Social Security; an Administrative Law Judge (ALJ) denied the application; and the district court affirmed the ALJ's denial. Williams, proceeding pro se, now appeals the district court's decision. She argues that (1) the ALJ erred in rejecting the medical opinion of her treating physician, Dr. Ashraf Hanna, and (2) the district court should have remanded her case to the ALJ because new evidence—a 2014 letter from Dr. Hanna—supports her application.[1] After careful consideration of the record and the parties' briefs, we affirm.

I

We review the ALJ's decision for substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). "Absent good cause, an ALJ is to give the medical opinions of treating physicians substantial or considerable weight." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (internal quotation marks omitted). Good cause exists if the evidence does not bolster the treating physician's opinion, the evidence supports a conclusion at odds with the opinion, or the opinion is "conclusory or inconsistent with the [physician]'s own medical records." *See id.* (internal quotation marks omitted); *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming an ALJ's decision to afford little weight to the opinion of a treating physician because, among other things, the opinion conflicted with the physician's treatment notes).

Substantial evidence supported the ALJ's rejection of Dr. Hanna's opinion; the ALJ had good cause for the rejection. The ALJ concluded that Dr. Hanna's opinion was conclusory, inconsistent with Dr. Hanna's own treatment notes, and at odds with the evidence. Dr. Hanna asserted that Williams cannot sit in a working position at a desk for more than an hour a day, cannot ambulate for more than an hour a day, and requires at least two hours of resting time during an eight-hour work day. But as the ALJ's decision points out, Dr. Hanna did not explain the basis for this opinion, and Dr. Hanna's treatment notes for Williams indicate that she both exhibits motor strength in her lower extremity and has normal gait and station. Moreover, several other physicians opined about the effects of Williams's impairments, and none suggested that Williams has the limitations that Dr. Hanna identified.

II

Williams has waived her claim for remand based on Dr. Hanna's 2014 letter because she did not raise the claim in district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an

---

1. In her initial brief, Williams also challenged the district court's decision to assign her case to a magistrate judge. However, she conceded this argument in her reply brief, recognizing that the argument lacks merit.

appeal will not be considered by this court." (internal quotation marks omitted)). Williams asked the district court to consider the letter, which Dr. Hanna drafted after Williams's ALJ proceedings, but Williams did not request remand based on the letter. *See Williams v. Comm'r of Soc. Sec.*, No. 14-00730, slip op. at 10 n.1 (M.D. Fla. Mar. 23, 2016) ("[A] claimant may petition for a remand for the Commissioner to take additional evidence.... However, [Williams] has not petitioned this [c]ourt for such relief.").

**AFFIRMED.**