[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12028
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00181-JRK

JONATHAN PACE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 14, 2019)

Before ED CARNES, Chief Judge, BRANCH, and JULIE CARNES, Circuit
Judges.

PER CURIAM:

Jonathan Pace appeals the district court's order affirming the Commissioner of the Social Security Administration's denial of his application for a period of disability, disability insurance benefits, and supplemental security income under 42 U.S.C. §§ 405(g) and 1383(c)(3). Pace contends that the administrative law judge erred in crediting the vocational expert's testimony to find that Pace can perform work that is available in a significant number of jobs in the national economy.

## I.

The Social Security regulations establish a five-step evaluation process that an ALJ must use to determine whether a claimant is disabled and, as a result, may receive a period of disability, disability insurance benefits, and supplemental security income. See 20 C.F.R. §§ 404.1520 and 416.920. This case is about the fifth step,[1] at which the Commissioner must show that there is "work available in significant numbers in the national economy that the claimant is able to perform." Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999) (citing 20 C.F.R. § 416.920), abrogated on other grounds by Washington, 906 F.3d at 1353. If the

---

[1] "The first three steps deal with whether the claimant is currently engaged in substantial gainful activity, the medical severity of the applicant's impairment(s), and whether the impairments meet the requirements of a listed impairment." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1359 (11th Cir. 2018) (brackets and quotation marks omitted). At step four, which the ALJ proceeds to only if the claimant has failed to show that he is disabled at step three, the claimant must show that "his impairment prevents him from performing his past relevant work." Id.

Commissioner can make that showing, "the claimant must prove she is unable to perform those jobs in order to be found disabled." Id.

In August 2013 Pace filed an application for a period of disability, disability insurance benefits, and supplemental security income. The Commissioner initially denied Pace's application and did so again upon reconsideration. An ALJ held a hearing. At the hearing the ALJ asked a vocational expert whether there were jobs available in the national economy that a person with Pace's alleged impairments could perform. The expert testified that such a person could perform the representative jobs of table worker, assembler, or stuffer, for which there were approximately 875,000 positions nationwide. The expert testified that her estimates were based on her experience, expertise, and onsite job analyses. Pace did not object to the expert's qualifications or testimony.

The ALJ issued a decision in which it found that Pace was not disabled. The ALJ proceeded through the first four steps of the evaluation process and found that Pace had several impairments, including degenerative disc disease and hypertension. But at step five the ALJ, crediting the vocational expert's testimony, found that there was work available in significant numbers in the national economy that Pace could perform.

3

The Appeals Council denied Pace's request to review the ALJ's decision, which made that decision final.  See 20 C.F.R. § 404.955.  Pace sought judicial review of that decision, and the district court affirmed it.

## II.

"[W]e review de novo the legal principles upon which the Commissioner's decision is based."  Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).  If that decision is based upon proper legal standards, "[w]e will not disturb [it] if, in light of the record as a whole, it appears to be supported by substantial evidence."  Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted).  "Even if the evidence preponderates against the [Commissioner's] factual findings, we must affirm if the decision reached is supported by substantial evidence."  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  This limited review means that "[w]e may not decide the facts anew, reweighs the evidence, or substitute our judgment for that of the Commissioner."  Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quotation marks and brackets omitted).

III.

Pace contends that the ALJ erred in crediting the vocational expert's testimony to decide at step five that he can perform work that is available in a significant number of jobs in the national economy. He argues "that the testimony of the vocational expert" about the number of positions for that work — approximately 875,000 — "is not supported by the substantial evidence." The question, though, is not whether the expert's testimony is supported by substantial evidence. It is whether the ALJ's decision is supported by substantial evidence. Lewis, 125 F.3d at 1439; see also 42 U.S.C. §§ 405(g) and § 1383(c)(3). And we think that it is.

Vocational experts are "expert[s] on the kinds of jobs an individual can perform based on his or her capacity and impairments." Phillips, 357 F.3d at 1240. Their "testimony is crucial to an ALJ's determination at step [five]." Jones, 190 F.3d at 1230. For a vocational expert's testimony to constitute substantial evidence, "the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Id. at 1229.

The vocational expert's testimony is substantial evidence that supports the ALJ's decision that Pace could perform work that is available in a significant number of jobs in the national economy. For one thing, at Pace's hearing the ALJ posed a hypothetical question to the expert, which Pace did not object to, that

5

"comprised all of [his] impairments." <u>Jones</u>, 190 F.3d at 1229.  A reasonable person would accept the expert's testimony as adequate to support the ALJ's decision.  <u>See</u> <u>Winschel</u>, 631 F.3d at 1178.  The expert based her calculation of the number of positions that a person with Pace's impairments could perform on her experience, expertise, and onsite job analyses.  Pace did not object to that calculation at the hearing.  And he has not offered us any evidence showing that it was erroneous.

**AFFIRMED.**