[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14885
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-01495-KOB

LUTISHA IRENE BUSH,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(April 30, 2019)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

Lutisha Bush appeals a decision affirming the denial of her application for supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). Bush argues that the administrative law judge gave insufficient weight to the opinion of her examining psychologist that she was mentally disabled. We affirm.

The administrative law judge was entitled to give limited weight to the opinion of Dr. Ashley Hampton. The administrative law judge correctly disregarded Dr. Hampton's opinion that Bush was unable to work because that determination rests with the Commissioner. *See* 20 C.F.R. § 416.927(d)(1). And, as the administrative law judge explained in her decision, *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011), Dr. Hampton, who examined Bush once regarding her application for disability, *see* 42 U.S.C. § 404.1527(2)(i)–(ii), offered an opinion that was internally inconsistent, *see id.* § 404.1527(c)(4), and conflicted with evidence in the record. Dr. Hampton opined that Bush might encounter problems interacting with coworkers, supervisors, and the public, yet Dr. Hampton recorded that Bush was cordial, polite, and affable. Dr. Hampton also opined that Bush would have difficulty concentrating, yet that opinion conflicted with the doctor's notes that Bush was alert and focused well and with a report in September 2015 from a physician at CED Mental Health Center that Bush's attention and concentration were adequate. But notwithstanding those shortcomings, the administrative law judge considered Dr. Hampton's opinions

2

that Bush had problems with attentiveness and mood in determining that she had moderate difficulties with concentration, persistence, or pace. The weight given to Dr. Hampton's opinion distinguishes Bush's case from *Wilder v. Chater*, 64 F.3d 335 (7th Cir. 1995), where the administrative law judge disregarded undisputed testimony from a court-appointed psychiatrist about "the date of onset of [the applicant's] disabling depression." *Id.* at 337. And Bush does not dispute that substantial evidence supports the decision that she is not disabled.

We **AFFIRM** the denial of Bush's application for benefits.

3