[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12187
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cv-01130-JBT

MARY EILENE LYNN,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 28, 2020)

Before WILLIAM PRYOR, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Mary Eilene Lynn appeals the judgment affirming the Commissioner's denial of her application for disability insurance benefits and supplemental security income, 42 U.S.C. §§ 405(g), 1383(c)(3). Lynn argues that the administrative law judge erred in finding that there was no objective support for her one-time medical examiner's determination that she was capable of sitting only two hours and standing and walking less than one hour and that the administrative law judge erred in finding that she was not credible regarding the intensity, persistence, and limiting effects of her symptoms. We affirm.

We review the Commissioner's decision for substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is any relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support a conclusion. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). If substantial evidence supports the Commissioner's decision, we will not disturb it. *Id.* at 1439. Under this standard of review, we will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

Substantial evidence supports the Commissioner's denial of Lynn's application. The administrative law judge was entitled to find that portions of Dr. William Choisser's opinion were disproportionate to the objective medical findings by Lynn's treating physicians. Lynn received only conservative and routine

2

treatment from general practitioners, received minimal findings upon testing, was never referred to a specialist, and had two gaps in treatment of eight months and seven months, all of which tended to prove that the intensity, persistence, and limiting effects of Lynn's symptoms were not as severe as in the conclusory opinion of Dr. Choisser, a one-time medical examiner. Lynn's medical record evidenced infrequent care by general practitioners with conservative treatment recommendations of continued medication and weight loss. And the administrative law judge was entitled to consider Lynn's acknowledged abilities of operating a motor vehicle, preparing meals, performing household chores, doing laundry, and grooming herself. For the same reasons, substantial evidence supports the finding that Lynn's subjective complaints were inconsistent with the objective medical evidence and other aspects of her testimony.

**AFFIRMED.**

JORDAN, Circuit Judge, concurring in the judgment.

In my view, "the evidence preponderates against" the ALJ's decision, but our review is limited and we must nevertheless affirm because the decision is "supported by substantial evidence." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

4