[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11671

Non-Argument Calendar

_____

DIANELIN M. VERGARA,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-22964-KMW

_____

Before NEWSOM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Dianelin Vergara appeals the district court's order affirming the Social Security Commissioner's denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). No reversible error has been shown; we affirm.

**I.**

When -- as in this case -- an Administrative Law Judge ("ALJ") denies an application for benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. We review *de novo* the ALJ's application of the law. *See id*. "We review *de novo* the district court's determination as to whether the ALJ's decision was supported by substantial evidence." *Id*.

A person who applies for Social Security DIB or for SSI benefits must first prove that she is disabled. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a). The Social Security Regulations outline a

five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The ALJ must evaluate (1) whether the claimant engaged in substantial gainful work; (2) whether the claimant has a severe impairment; (3) whether the severe impairment meets or equals an impairment in the Listings of Impairments; (4) whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether, in the light of the claimant's RFC, age, education, and work experience, there exist other jobs in the national economy the claimant can perform. *Id.*

Vergara filed an application for DIB and for SSI in February 2018. Vergara alleged that she was unable to work due to her disabling mental conditions. Following a hearing, the ALJ denied Vergara's application.

Applying the five-step evaluation process, the ALJ found that Vergara suffered from three severe impairments: bipolar disorder, posttraumatic stress disorder, and anxiety disorder. The ALJ, however, determined that Vergara had no impairment or combination of impairments that met or medically equaled an impairment in the Listing of Impairments.

The ALJ next determined that Vergara had the RFC to "perform a full range of work at all exertional levels" and that Vergara was able to "perform simple, routine tasks," "make simple work related decisions," and interact occasionally with coworkers and supervisors but not with the public. Considering Vergara's age, education, work experience, and RFC -- together with testimony of the

vocational expert -- the ALJ determined that Vergara could perform her past relevant work as a cleaner or housekeeper.  Accordingly, the ALJ concluded that Vergara was not disabled.

Vergara administratively appealed the ALJ's decision to the Appeals Council.  The Appeals Council denied Vergara's request for review.  The district court affirmed.

## II.

On appeal, Vergara argues chiefly that the ALJ erred in considering the opinion of Vergara's treating psychiatrist, Dr. Jorge. Vergara contends that the ALJ discounted Dr. Jorge's medical opinion without articulating adequately the degree to which the ALJ was persuaded by Dr. Jorge's opinion.  Vergara also argues that -- because Dr. Jorge's medical opinion was supported by substantial evidence in the record -- the ALJ failed to establish "good cause" for discounting Dr. Jorge's opinion.

As an initial matter, we reject -- as relying on an outdated standard -- Vergara's argument that the ALJ failed to demonstrate "good cause" for discounting Dr. Jorge's opinion.  For claims filed before 27 March 2017, the ALJ was required to give "substantial or considerable weight" to the medical opinion of a treating physician absent a showing of "good cause" and was required to "state with particularity" the weight given to each medical opinion.  *See Winschel v. Comm'r Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1527(d) and 416.927(d)).

In 2017, the Commissioner promulgated new regulations governing the consideration of medical opinions for purposes of

reviewing applications for SSI and for DIB.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.  Under the new regulations, an ALJ is to give no deference or "specific evidentiary weight, including controlling weight," to a treating physician's opinion.  *See id*. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the persuasiveness of a medical opinion by considering specified factors, the most important of which are the supportability of the medical opinion and the opinion's consistency with other record evidence.  *See id*. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).  The ALJ then articulates how the supportability and consistency of a medical opinion were considered in making a determination about disability.  *See id*. §§ 404.1520c(b), 416.920c(b).  Because Vergara filed her application in February 2018, her claims are governed by the new regulations.  *See id*. §§ 404.1520c, 416.920c (providing that the new regulations apply to claims filed on or after 27 March 2017).

Here, the ALJ followed properly the applicable regulations in evaluating Dr. Jorge's medical opinion.  The ALJ gave no special deference or controlling weight to Dr. Jorge's opinion.  Instead, the ALJ evaluated the persuasiveness of Dr. Jorge's opinion, focusing on the supportability and consistency of Dr. Jorge's opinion with the other record evidence.

The ALJ explained that Dr. Jorge's opinion about the severity of Vergara's mental functional limitations was inconsistent with the overall record.  In particular, the ALJ described the ways in which Dr. Jorge's opinion conflicted with this record evidence: (1) the different opinions of two state agency psychological

consultants; (2) the kind and intensity of treatment Vergara had received; (3) evidence that Vergara's condition improved with consistent treatment and recommended psychotherapy; (4) Vergara's mental status examinations; (5) Vergara's reported activities of daily living; and (6) a third-party function report completed by Vergara's brother. The ALJ explained further that Dr. Jorge's opinion was unsupported by her own treatment notes.

The ALJ articulated adequately his reasons for discounting Dr. Jorge's opinion. Under the applicable regulations, the ALJ had no obligation to state the weight given -- or the degree of persuasiveness assigned -- to Dr. Jorge's opinion.

Vergara disputes the ALJ's stated reasons and argues that Dr. Jorge's opinion is consistent with other evidence in the record. But the question before us on appeal is limited to whether the ALJ's decision -- not Dr. Jorge's opinion -- is supported by substantial evidence. That Dr. Jorge's opinion might be consistent with some record evidence is not enough to overturn the ALJ's decision. Under our limited standard of review, "[w]e will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it." *See Buckwalter*, 5 F.4th at 1320. We cannot "decide the facts anew, make credibility determinations, or reweigh the evidence." *See id*.

Vergara also contends that -- because the ALJ erred in failing to assess properly Dr. Jorge's opinion -- the ALJ's RFC assessment is unsupported by substantial evidence. We disagree.

Contrary to Vergara's assertion, the ALJ considered Dr. Jorge's opinion and articulated adequately the reasons for finding Dr. Jorge's opinion unpersuasive.  In assessing Vergara's RFC, the ALJ considered the entire record, including Vergara's application and hearing testimony, the opinions of the state agency consultants, Dr. Jorge's opinion, Vergara's mental status examinations and medical records, and a third-party function report.  In the light of that evidence, the ALJ concluded that Vergara had no exertional limitations, could perform simple routine tasks, could make simple work-related decisions, and could interact with coworkers and supervisors but not with the public.  The ALJ's RFC finding is supported by substantial evidence in the record and comports with SSR 96-8p.  *See* SSR 96-8p, 61 Fed. Reg. 34,474, 34,477 (July 2, 1996) (providing that, in assessing a claimant's RFC, the ALJ must consider all pertinent evidence in the record, including medical history, medical signs and laboratory findings, effects of treatment, activities of daily living, lay evidence, recorded observations and medical source statements, effects of symptoms, evidence from attempts to work, need for a structured living environment, and work evaluations).

Substantial evidence supports the Commissioner's denial of DIB and SSI benefits; we affirm.[*]

---

[*] Vergara's reliance on our decisions in *Simon v. Comm'r., Soc. Sec. Admin.*, 7 F.4th 1094 (11th Cir. 2021), *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245 (11th Cir. 2019), and *Castro v. Acting Comm'r of Soc. Sec.*, 783 F. App'x 948 (11th Cir. 2019), is misplaced.  Most important, each of these decisions involved

8                    Opinion of the Court                    22-11671

AFFIRMED.

---

applications for disability benefits filed before 27 March 2017 and, thus, considered opinion evidence under the treating-physician old rule: a rule inapplicable to Vergara's case.  Further -- unlike in *Schink*, where the ALJ concluded that the claimant's bipolar disorder was no severe impairment based on evidence that the claimant's condition improved with treatment -- the ALJ here concluded that Vergara's bipolar disorder constituted a severe impairment. *See Schink*, 935 F.3d at 1267-68.