[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11315

Non-Argument Calendar

_____

IVETTE ARCE,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14097-KMM

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Ivette Arce appeals the district court's order affirming the Commissioner's denial of her Social Security disability insurance benefits ("DIB") claim. Arce makes three arguments on appeal. First, she argues that the administrative law judge ("ALJ") erred in assessing her residual functional capacity ("RFC") because the ALJ did not state how her non-severe mental limitations affected her RFC. Second, she argues that the ALJ erred by not explicitly stating how persuasive the ALJ found a state agency psychologist's opinion. Third, she argues that the ALJ erred by relying on the state agency psychologist's opinion that failed to include a function-by-function analysis.

Where an ALJ denies benefits and the Appeals Council denies review, we review the ALJ's decision as the Commissioner's final decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Commissioner's decision is reviewed to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019).

The Social Security regulations outline a five-step process the ALJ must use to determine whether a claimant is disabled: (1) whether she is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment or combination of impairments; (3) if so, whether that impairment, or combination of

impairments, meets or equals the medical listings; (4) if not, whether she can perform her past relevant work in light of her RFC; and (5) if not, whether, based on her age, education, RFC, and work experience, she can perform other work found in the national economy. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); 20 C.F.R. § 404.1520(a)(4).

An ALJ must assess a claimant's RFC, which is defined as the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). In determining the RFC, the ALJ must consider all of the claimant's medically determinable impairments, including those that are not "severe." *Id.* § 404.1545(a)(2). The Regulations provide that

> [t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

*Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims*, SSR 96-8P (S.S.A. July 2, 1996). Paragraph (c) of 20 C.F.R. § 404.1545 addresses mental abilities, and provides that

> [w]hen we assess your mental abilities, we first assess the nature and extent of your mental limitations and restrictions and then determine your residual functional capacity for work activity on a regular and

continuing basis. A limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, co-workers, and work pressures in a work setting, may reduce your ability to do past work and other work.

20 C.F.R. § 404.1545(c); *see also* 20 C.F.R. § 416.945(c).

Consideration of all impairments—severe and non-severe—is required when assessing a claimant's RFC. *Schink*, 935 F.3d at 1268.

In *Schink*, we discussed what an ALJ must consider when assessing a claimant's RFC. *Schink*, 935 F.3d at 1268-70. In *Schink*, the ALJ stated that he had "considered all symptoms" when assessing the claimant's RFC, but the content of his decision only mentioned that the claimant had bipolar disorder without discussing how that disorder affected the RFC, and the ALJ's findings only concerned physical capacities. *Id.* at 1269. We explained that even if the ALJ had considered the mental conditions implicitly in determining the claimant's RFC, the ALJ had failed to provide sufficient reasoning to show that he had done so, and thus we could not affirm. *Id.* We observed that, although at step 2 the ALJ had found Schink's bipolar disorder to be a non-severe impairment under the four broad functional areas known as "paragraph B" criteria, this was insufficient because consideration of Schink's RFC "require[d] a more detailed assessment." *Id.* As a result, the ALJ's assessment was "inadequate." *Id.* at 1270. Accordingly, we remanded the case to the district court, instructing it to vacate the Commissioner's

decision and remand to the Commissioner for further proceedings. *Id.*

Here, as in *Schink*, the ALJ did not apply the correct legal standards, and remand to the Commissioner for further proceedings is necessary.  Although the ALJ found mild mental impairments in her step 2 analysis, her RFC assessment at step 4 apparently was limited to Arce's physical abilities and impairments and erroneously omitted considering her mental ones.  To support her conclusion that Arce could perform work in the national economy—including that of order clerk, telephone information clerk, and charge account clerk—the ALJ had to consider all the duties of that work and evaluate Arce's ability to perform those duties despite all her impairments, severe and non-severe.  Accordingly, a remand is necessary for the ALJ to consider how Arce's non-severe mental limitations affected her RFC.[1]

Because remand is necessary, we do not reach Arce's remaining arguments and offer no opinion as to whether the ALJ erred with respect to those issues. On remand from the district

---

[1] Although the ALJ here said in her step 4 analysis of the RFC that she considered all of Arce's symptoms, the same was true in *Schink*, but here as in *Schink*, the content of the ALJ's decision with respect to the RFC only indicated consideration of Arce's physical limitations.  Also, as in *Schink*, 935 F.3d at 1268-70, we decline to simply assume—because the ALJ considered Arce's mental limitations at step 2 and found them to be non-severe—that the ALJ did in fact consider whether Arce's mental limitations affected her RFC, and just concluded *sub silencio* that they imposed insufficient limitation on her ability to work to warrant mention of them in Arce's RFC.

court, the ALJ is to consider how Arce's non-severe mental limitations affected her RFC. In remanding this case, we express no opinion on whether Arce can ultimately establish that she is disabled within the meaning of the Social Security Act.

For the foregoing reasons, we remand to the district court with instructions to vacate the Commissioner's decision and remand to the Commissioner for further proceedings not inconsistent with this opinion.

Accordingly, the judgment of the district court is

**VACATED AND REMANDED.**