**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11600

Non-Argument Calendar

————————————

FREDDIE FERRELL,

*Plaintiff-Appellant,*

*versus*

COMMISSIONER OF SOCIAL SECURITY,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 3:21-cv-00148-JTA

————————————

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

This is a Social Security case. Freddie Ferrell argues that the Commissioner denied his claim for benefits on an incomplete record. We disagree and affirm.

## I.

In 2018, Freddie Ferrell severely injured his right wrist and leg in an off-roading accident. After many rounds of orthopedic surgery and other treatment over the course of a year, Ferrell showed signs of improvement: he could walk without crutches, go up and down the stairs, and manage his pain with just ibuprofen. But a full recovery has remained out of reach. He still cannot stand or walk for more than thirty minutes at a time, and has relied on his family to handle many household chores.

Ferrell applied for supplemental security income with the Social Security Administration. The Commissioner reviewed Ferrell's medical records and the opinions of three physicians and a nurse practitioner. The physicians uniformly concluded that despite his impairments, Ferrell is capable of modest physical exertion. As the outlier, the nurse practitioner found that Ferrell could not lift or carry any weight at all. The Commissioner found her evaluation "unpersuasive": not only did it contradict Ferrell's testimony indicating that he could lift a nontrivial amount of weight, "her notes contain some inconsistencies," including about his use of crutches. In the end, the Commissioner denied Ferrell's claim on the grounds that he is still able to perform sedentary work.

The district court affirmed the Commissioner's decision. It declined to remand the case back to the agency for a consultative examination because substantial record evidence supported the Commissioner's decision. Ferrell now appeals.

## II.

We review de novo the district court's determination that the Commissioner's decision was supported by substantial evidence. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). In doing so, we "may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation and alteration omitted).

## III.

"Even though Social Security courts are inquisitorial, not adversarial, in nature, claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This burden is "very heavy," requiring "the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

Social Security regulations set out a "five-step sequential evaluation process." 20 C.F.R. § 416.920(a)(4) (2012). If the Commissioner finds that the claimant is not disabled at any step, the inquiry is at an end. *Id.* In this case, the Commissioner concluded that Ferrell cleared steps one, two, and three—but not step four. At step four, the Commissioner must determine, based on the claimant's "residual functional capacity," whether he is able to work despite his impairments. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019). If the claimant remains

capable of performing his past relevant work, he is not disabled and therefore not entitled to benefits.  20 C.F.R. § 416.920(a)(4)(iv).

After a hearing and upon review of the record, the Commissioner determined that Ferrell "has the residual functional capacity to perform sedentary work": he can sit for six hours a day, stand and walk for two hours a day, and lift and carry ten pounds. Further, the Commissioner found that Ferrell's "statements concerning the intensity, persistence and limiting effects" of his physical symptoms "are not entirely consistent" with the evidence in the record.  In other words, Ferrell overstated the extent to which he was unable to perform various physical activities.

In this appeal, Ferrell does not challenge the Commissioner's evaluation of the record evidence.  Rather, he contends that the record was incomplete because it did not reflect any medical treatment that took place between March 2019 and March 2021, or after August 2021.  In Ferrell's view, the Commissioner's failure to develop "gaps in the medical record" by ordering a consultative examination rendered its decision defective.

We are unpersuaded.  While the Commissioner "has a duty to develop the record where appropriate," there is no requirement "to order a consultative examination as long as the record contains sufficient evidence" to support "an informed decision." *Ingram*, 496 F.3d at 1269; *see also Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984).  And we see no gaps in the administrative record that would warrant a remand for a consultative examination.

For starters, Ferrell does not point to any particular course of treatment he received between March 2019 to March 2021, or after August 2021. In fact, he does not dispute the Commissioner's finding that he did not seek any treatment whatsoever—"whether emergency, inpatient, outpatient, urgent care, primary or specialty"—between March 2019 to March 2021. Nor does he dispute the Commissioner's finding that he failed to follow-up with his orthopedist after a hospital visit in August 2021. What's more, he concedes that the timeline reflects "long periods wherein no treatment occurred." And even assuming, for argument's sake, that Ferrell underwent treatment during the periods in question, he does not explain whether (and how) that treatment casts doubt on the Commissioner's factual findings. The claimant bears the burden of presenting "medical evidence" of his disability. *See Moore,* 405 F.3d at 1213. Speculation is no substitute.

There was enough in the administrative record for the Commissioner to make an informed decision about Ferrell's entitlement to benefits. The Commissioner reviewed reports and letters from various medical professionals, including Ferrell's orthopedic surgeon, who concluded—with "a reasonable degree of medical certainty"—that Ferrell is likely able to perform sedentary work. *See Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999) (explaining that "the record, which included the opinions of several physicians," was "sufficient for a decision"). And at no point during the hearing did Ferrell complain that the record was underdeveloped on important issues. In fact, when asked whether the record is "now considered complete and up to date," Ferrell's

attorney replied, "Yes, it is."  While his attorney did "hope there would be some additional medical" records from various clinics, there were "no additional dates of service" besides what was already in the record because Ferrell has not returned for any follow-up visits at those places.  We therefore see no "evidentiary gaps" in the record that amount to "unfairness or clear prejudice." *Brown v. Shalala,* 44 F.3d 931, 935 (11th Cir. 1995) (quotation omitted).

⋆      ⋆      ⋆

We **AFFIRM**.