[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11066
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-00139-JSS

MARK HANISEE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 12, 2019)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Mark Hanisee appeals the district court's order affirming the Commissioner of the Social Security Administration's decision to deny his application for disability insurance benefits under 42 U.S.C. §§ 405(g), 1383(c)(3).  Hanisee contends the administrative law judge's (ALJ) decision to give the state agency medical consultant's opinion little weight in determining Hanisee's residual functional capacity (RFC) was not supported by substantial evidence.  After review,[1] we affirm the district court.

The Social Security regulations outline a five-step process the ALJ must use to determine whether a claimant is disabled.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step four of the sequential analysis, the ALJ must determine a claimant's RFC by considering all relevant medical and other evidence.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).  The ALJ must "state with particularity the weight given to different medical opinions and the reasons therefor."  *Winschel*, 631 F.3d at 1179.  An ALJ considers many

---

[1] We review a Social Security disability case to determine whether the Commissioner's decision is supported by substantial evidence and review *de novo* whether the correct legal standards were applied.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  Substantial evidence is any relevant evidence, greater than a scintilla, that a reasonable person would accept as adequate to support a conclusion.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  If, in light of the record as a whole, substantial evidence supports the Commissioner's decision, we will not disturb it.  *Id.* at 1439.  We will not decide the facts anew, make credibility determinations, or reweigh the evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The individual seeking Social Security disability benefits bears the burden of proving that he is disabled.  *Moore*, 405 F.3d at 1211.

factors when weighing medical opinion evidence, including the examining relationship, the treatment relationship, whether an opinion is well-supported, and whether an opinion is consistent with the record.  20 C.F.R. § 404.1527(c); *see Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1260 (11th Cir. 2019).  The opinions of one-time examiners are not entitled to deference because they are not treating physicians.  *Schink*, 935 F.3d at 1260.

Although Dr. Glenn Bigsby was a state agency medical consultant, his opinion was to be assigned weight in the same manner as any other medical opinion.  *See* 20 C.F.R. §§ 404.1527(e), 416.913a(b) (providing state agency medical or psychological consultants are considered experts in Social Security disability evaluation, and the ALJ must consider and assign weight to their opinions in the same manner as other medical sources).  The ALJ specifically explained why he was discounting Dr. Bigsby's opinion in his written decision.  *See Winschel*, 631 F.3d at 1179 ("[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor.").  In addition, Dr. Bigsby's opinion was rendered before the record was complete.

The ALJ considered Dr. Bigsby's opinion and concluded that it was inconsistent with and not well-supported by the record.  *See* 20 C.F.R. § 404.1527(c).  Substantial evidence supports the ALJ's conclusion that Dr. Bigsby's opinion about Hanisee's limitations was inconsistent with the evidence.

Dr. Bigsby's opinion that Hanisee could lift 10 pounds frequently and 20 pounds occasionally would have placed Hanisee in the light-duty work category. *See* 20 C.F.R. § 416.967(b). The ALJ concluded Hanisee could perform medium-duty work, which involves occasionally lifting 50 pounds and lifting 25 pounds frequently. *See id.* § 416.967(c). Reviewing the record, there were no restrictions in Hanisee's medical records supporting a limitation to light-duty work. While Hanisee reported his COPD as severe, the ALJ found it was not severe because he reported no treatment for approximately a year and stated that his symptoms were well-controlled with medication. Additionally, on multiple visits to the doctor, Hanisee's lungs were reported to be clear with auscultation, in addition to Dr. Robert Shefky's remark that Hanisee had minimal upper airway sounds with auscultation. Moreover, a pulmonary function test noted Hanisee experienced a significant bronchodilator response, leaving his COPD well controlled.

Next, as to Hanisee's shoulder pain, the treatment records show Hanisee's shoulder impairment improved upon each visit to his orthopedist, including his pain and his range of motion. The orthopedist's notes also stated his shoulder pain had mostly resolved, substantiating the ALJ's conclusion that, to the extent Hanisee continued to experience shoulder pain, it did not materially limit his ability to perform medium-duty work. As to Hanisee's back pain, the only evidence in the record included a CT scan of Hanisee's cervical spine. Although

4

there was no evidence of any testing done on Hanisee's lumbar spine, the ALJ gave Hanisee the benefit of the doubt by considering that a scan of the lumbar spine would show the same arthritis and joint space narrowing that was found in the cervical spine. However, Dr. Robert Shefsky stated that Hanisee had a normal gait and stance and was able to walk on his heels and toes and squat with no signs of acute distress.

Additionally, as to Hanisee's depression and anxiety, the ALJ correctly noted the majority of his behavioral health treatment records related to treatment for chronic alcohol abuse and indicated he was diagnosed with depression, anxiety, and bipolar disorder in the process of being treated for alcohol abuse. While he initially exhibited depression symptoms, he later reported he was not feeling more depressed, and his doctor noted he was well-oriented with adequate insight and judgment and that his memory was intact. The records also show Hanisee's mental health impairments were managed by medication.

As to Hanisee's sleep apnea, although Dr. Christina Rigas found Hanisee disabled in this respect, the results of his sleep study showed he had a sleep efficiency of 91.7% and mild snoring. Additionally, he reported his sleep apnea was treated with the use of a BiPAP machine. The ALJ noted Dr. Shefsky's assessment did not mention sleep apnea. And as to Hanisee's hiatal hernia, the

medical records show it was surgically repaired in October 2013 and there were no records of hernia-related issues after the surgery.

Thus, substantial evidence supports the ALJ's determination that good cause existed to give little weight to Dr. Bigsby's opinion regarding Hanisee's limitations because the opinion was largely inconsistent with the record.  The ALJ complied with his obligation to consider all relevant evidence in determining Hanisee's RFC. *See Phillips*, 357 F.3d at 1238.  The record evidence—including evidence that Hanisee's COPD, depression, and anxiety were controlled by medication, that his shoulder and hernia pain had mostly resolved and that, in any event, his symptoms did not limit him from performing medium-duty work, was evidence "greater than a scintilla" that reasonably supported the ALJ's conclusion.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  The ALJ did not err in discounting Dr. Bigsby's opinion in favor of a determination supported by the complete record.  *See* 20 C.F.R. § 416.927(c).  Accordingly, because substantial evidence supports the Commissioner's decision, we affirm.

**AFFIRMED.**