UNITED STATES DISTRICT COURT 
 DISTRICT OF MARYLAND 
 CHAMBERS OF 6500 Cherrywood Lane 
 TIMOTHY J. SULLIVAN Greenbelt, Maryland 20770 
UNITED STATES MAGISTRATE JUDGE Telephone: (301) 344-3593 

 June 23, 2020 

LETTER TO COUNSEL: 

 RE: Richard B. v. Andrew M. Saul, Commissioner of Social Security 
 Civil Case No. TJS-19-1893 

Dear Counsel: 

 On June 27, 2019, Plaintiff Richard B.1 petitioned this Court to review the Social Security 
Administration’s final decision to deny his claim for Disability Insurance Benefits (“DIB”). (ECF 
No. 1.) The parties have filed cross-motions for summary judgment. (ECF Nos. 11 & 12.) These 
motions have been referred to the undersigned with the parties’ consent pursuant to 28 U.S.C. § 
636 and Local Rule 301.2 Having considered the submissions of the parties, I find that no hearing 
is necessary. See Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported 
by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 
405(g), 1383(c)(3); Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this 
Court may affirm, modify, or reverse the Acting Commissioner, with or without a remand. See 42 
U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Under that standard, I will grant the 
Commissioner’s motion and deny the Plaintiff’s motion. This letter explains my rationale. 

 In his application for DIB, Richard B. alleged a disability onset date of May 6, 2011.3 (Tr. 
379.) His application was denied initially and on reconsideration. (Tr. 103-10, 114-17.) A hearing 
was held before an Administrative Law Judge (“ALJ”) on March 19, 2019, (Tr. 396-422), and the 
ALJ found that Richard B. was not disabled under the Social Security Act prior to July 17, 2017 
(Tr. 379-390). Richard B. seeks review of the ALJ’s decision dated March 19, 2019. 

 The ALJ evaluated Richard B.’s claim for benefits using the five-step sequential evaluation 

 1 On October 10, 2018, the Court’s bench adopted a local practice of using the first name 
and last initial of non-government parties in Court-issued opinions in Social Security cases. This 
practice is designed to shield the sensitive personal information of Social Security claimants from 
public disclosure. 
 2 This case was previously assigned to Magistrate Judge Deborah L. Boardman. On March 
4, 2020, the case was reassigned to me. 
 3 This is the second time this case has come before this Court. Richard B. previously filed 
applications for supplemental security income (“SSI”) and DIB. After a denial of benefits, Richard 
B. filed an appeal to this Court. See Richard B. v. Berryhill, ADC-17-2516. On June 27, 2017, 
Magistrate Judge A. David Copperthite filed a Memorandum Opinion remanding the case. (ECF 
No. 16 in ADC-17-2516.) While on remand, Richard B. filed a new application for SSI and his 
claim was approved. This appeal relates only to Richard B.’s claim for DIB prior to July 17, 2017. 
process set forth in 20 C.F.R. § 416.920. At step one, the ALJ found that Richard B. has not 
engaged in substantial gainful activity since May 6, 2011, the alleged onset date. (Tr. 381.) At step 
two, the ALJ found that Richard B. suffered from the following severe impairments: depressive 
disorder, intellectual disorder, and anxiety disorder. (Tr. 382.) At step three, the ALJ found Richard 
B.’s impairments, separately and in combination, failed to meet or equal in severity any listed 
impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 (“Listings”). (Tr. 382-
385.) Considering Richard B.’s impairments, the ALJ determined that he retained the residual 
functional capacity (“RFC”): 

 to perform a full range of work at all exertional levels but with the following 
 nonexertional limitations: he can understand, remember, and carry out simple 
 instructions; he can perform jobs that do not require him to follow written 
 instructions or produce written work product; he requires special supervision 1 to 
 2 times out of an 8-hour workday to check his work progress and completion due 
 to his reading deficit; and he can tolerate occasional changes in the workplace due 
 to his reading deficit. 

(Tr. 385.) 

 At step four, the ALJ determined that Richard B. was capable of performing past relevant 
work as a salvage laborer. (Tr. 390.) Therefore, the ALJ found that Richard B. was not disabled 
under the Social Security Act prior to July 17, 2017. (Id.) 

 Richard B. presents two following arguments in this appeal: (1) that the ALJ’s RFC 
determination does not comply with Mascio, 780 F.3d 632, and (2) that the ALJ failed to ask the 
vocational expert if there were conflicts between his testimony and the Dictionary of Occupational 
Titles. Neither of these arguments have merit. 

 Richard B.’s first argument is that the ALJ did not again evaluate his moderate impairments 
in maintaining concentration, persistence, and pace in accordance with Mascio, 780 F.3d 632. He 
argues that the limitations that the ALJ incorporated into the RFC are equivalent to those that 
Mascio found to be insufficient. 

 In Mascio, the Fourth Circuit held that “an ALJ does not account ‘for a claimant’s 
limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine 
tasks or unskilled work.’” 780 F.3d at 638 (quoting Winschel v. Comm’r of Soc. Sec., 631 F.3d 
1176, 1180 (11th Cir. 2011)). This is because “the ability to perform simple tasks differs from the 
ability to stay on task.” Id. Where an ALJ finds that a claimant has limitations in concentration, 
persistence, and pace, the ALJ is required to incorporate these limitations into the claimant’s RFC 
or explain why they do not “translate into [such] a limitation.” Id. 

 Here, the ALJ complied with Mascio’s requirements. After determining that Richard B. 
had moderate limitations in maintaining concentration, persistence, and pace, she accounted for 
these limitations in the RFC: 

 I find that he can understand, remember, and carry out simple instructions; he can 
 perform jobs that do not require him to follow written instructions or produce 
 written work product; he requires special supervision 1 to 2 times out of an 8-hour 
 workday to check his work progress and completion due to his reading deficit; and, 
 he can tolerate occasional changes in the workplace due to his reading deficit. 
 Notably, limiting the claimant to only simple, verbal instructions and providing him 
 with special supervision 1 to 2 times per day will account for his limitations in 
 concentration, persistence, and pace. Specifically, the claimant will not be required 
 to struggle with written instructions and therefore he will be able to focus his 
 attention on his tasks. Moreover, the special supervision will ensure that the 
 claimant is working at an appropriate pace and completing tasks in a timely manner. 

(Tr. 388.) 

 This explanation is sufficient because it incorporates Richard B.’s limitations in 
concentration, persistence, and pace into the RFC and explains how they are accounted for with 
reference to evidence in the record. See Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020) 
(“Here, the ALJ discussed in detail the psychological evaluations . . ., as well as Shinaberry’s adult 
function report, and sufficiently explained why he mental limitation to simple, routine, and 
repetitive tasks accounted for [the claimant’s] moderate limitations in concentration, persistence, 
and pace.”). Richard B.’s first argument is without merit. 

 Richard B.’s second argument is that the ALJ’s step four finding is flawed because the ALJ 
did not resolve a conflict between the VE’s testimony and the Dictionary of Occupational Titles 
(“DOT”). (ECF No 11-1 at 5.) Specifically, he argues that the VE’s testimony (that he could 
perform his past relevant work of salvage laborer) conflicts with the DOT (which classifies this 
position at a reasoning level of two). (Id.) Because the ALJ found that Richard B. was functionally 
illiterate, he argues that he is unable to perform work classified at a reasoning level of two. But the 
DOT’s definition of the reasoning requirements for a salvage laborer only requires a person to 
“[a]pply commonsense understanding to carry out detailed but uninvolved written or oral 
instructions. Deal with problems involving a few concrete variables in or from standardized 
situations.” Dictionary of Occupational Titles 929.687-022, 1991 WL 688172 (emphasis added). 
Because this job can be performed by following oral instructions, Richard B.’s functional illiteracy 
would not have prevented him from performing it. 

 Moreover, there is substantial evidence that Richard B. was not required to read when he 
performed his past relevant work as a recycler (which the VE properly classified as a salvage 
laborer). In Richard B.’s prior testimony and reports about his past work as a recycler he indicated 
that the job required him to carry bins of paper and dump them into vats of water (Tr. 63-64, 269). 
He did not indicate that he had to follow written instructions. Social Security Ruling (SSR) 82-62, 
1982 WL 31386, *3 (S.S.A.) (“The claimant is the primary source for vocational documentation, 
and statements by the claimant regarding past work are generally sufficient for determining the 
skill level; exertional demands and nonexertional demands of such work.”) Richard B. cites no 
evidence to support his contention that his past work as a recycler, as actually performed, required 
him to carry out written instructions, or is otherwise inconsistent with the RFC finding. 
Accordingly, the Court rejects his second argument. 
 For the reasons set forth herein, Richard B.’s Motion for Summary Judgment (ECF No. 
11) will be DENIED, and the Commissioner’s Motion for Summary Judgment (ECF No. 12) will 
be GRANTED. The Clerk is directed to CLOSE this case. Despite the informal nature of this 
letter, it should be flagged as an opinion. An implementing Order follows. 

 Sincerely yours, 

 /s/ 
 Timothy J. Sullivan 
 United States Magistrate Judge