[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-11402

Non-Argument Calendar

_____

BRIAN PARROTT,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:19-cv-02249-EJK

_____

Before NEWSOM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

An administrative law judge denied Brian Parrott's disability insurance benefits claim, finding that Parrott was not disabled prior to his date last insured because he didn't have a severe impairment or combination of impairments, as required by 20 C.F.R. § 404.1520(a)(4)(ii). Although the ALJ noted that Parrott had at least ten medically determinable impairments, she concluded that they didn't significantly limit his ability to perform basic work-related activities for 12 consecutive months, and thus, the impairments weren't "severe." The Appeals Council denied Parrott's request for review, and the district court affirmed the ALJ's decision. Before us, Parrott contends that substantial evidence didn't support the ALJ's determination that he lacked a severe impairment or combination of impairments and wasn't disabled.[1]

The Social Security regulations set forth a five-step, sequential evaluation process to determine when a claimant is disabled. 20 C.F.R. § 404.1520(a)(4). To get past step two, the claimant must show that he has a severe impairment or combination of impairments. Id. § 404.1520(a)(4)(ii). The severity threshold is not met unless the impairment or combination of impairments "significantly limit [the claimant's] physical or mental ability to do basic

---

[1] We will defer to the ALJ's factual findings if they are supported by substantial evidence. See Parks ex rel. D.P. v. Comm'r of Soc. Sec., 783 F.3d 847, 850 (11th Cir. 2015).

work activities" for a continuous period of at least 12 months. *Id.* § 404.1522(a), § 404.1509. Basic work activities include "the abilities and aptitudes necessary to do most jobs," such as walking, standing, sitting, understanding, using judgment, etc. *Id.* § 404.1522(b).

The ALJ determined that Parrott had the following medically determinable impairments: chronic kidney disease, major depressive disorder, steroid-induced diabetes, obesity, history of deep venous thrombosis (DVT), hyperlipidemia, hypertension, gastroesophageal reflux disorder (GERD), gout, and Bell's palsy. But simply identifying impairments is not enough—Parrott had to prove that they significantly limited his ability to work for at least 12 months. *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (noting that severity of a disability "must be measured in terms of its effect upon ability to work"). Here, Parrott failed to do that.

Doctors' notes from the relevant time period indicated that Parrott's kidney condition, hypertension, hyperlipidemia, and GERD were stable with medication; his diabetes and DVT diagnoses were resolved in less than a year; his gout flared up only occasionally and could be controlled with medication on an as-needed basis; his obesity wasn't accompanied by any limitations or symptoms that affected his ability to work; and he was recovering from his Bell's palsy. Despite his impairments, treatment notes indicated that Parrott was able to do landscape work three to four hours at a time, sit two to four hours, stand/walk one hour, lift/carry up to

20 pounds occasionally and 10 pounds frequently, and occasionally push/pull with his upper body. Thus, Parrott's physical conditions didn't have more than a minimal effect on his ability to engage in basic work activities.

As for Parrott's depression, the ALJ concluded that it did not impair Parrott's understanding, remembering, or applying of information, as evidenced by his hearing testimony regarding his past work; and it only mildly impaired his ability to interact with others, to concentrate, and to manage himself. *See* 20 C.F.R. § 404.1520a(c)(3) (noting the four broad functional areas used to determine the degree of a claimant's functional limitation due to a mental impairment). Parrott managed to meet up with friends a few times per week, watch TV, use a computer, read for pleasure, perform household chores, attend doctors' appointments, and live alone. Thus, Parrott's depression didn't have more than a mild effect on his ability to do basic work activities.

To the extent that the ALJ gave lesser weight to certain doctors' reports, she specifically noted other medical evidence and statements that contradicted those reports. At this stage, we are not at liberty to decide facts anew or to reweigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Substantial evidence in the record supported the ALJ's conclusion that Parrott's diagnoses, singly or in combination, didn't hinder his day-to-day functioning or basic work activities in a severe way. Accordingly, we affirm the district court's decision.

**AFFIRMED**.