[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 23-13417

Non-Argument Calendar

————————————

TERESA FINCH,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 4:21-cv-01162-LSC

————————————

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT, Circuit Judges.

PER CURIAM:

Theresa Finch appeals the denial of her application for disability insurance benefits and supplemental security income. 42 U.S.C. §§ 405(g), 1383(c)(3). Finch argues that the administrative law judge erred by failing to determine whether her past relevant work was a composite job. She also argues, in the alternative, that even if the administrative law judge implicitly decided that her past work was not a composite job, substantial evidence would not support that decision. We affirm.

In January 2017, Finch applied for disability insurance benefits and supplemental security income. *Id.* In a disability report to the agency, Finch stated that she had a learning disability that limited her ability to work and that she had worked as a "dietary cook" at a nursing home for the full 15 years that she worked there. Under the section stating, "Describe this job. What did you do all day?" Finch wrote "cooking serving." In a work history report, Finch reported her job title as "Housekeeping/Dietary" for the full 15 years. Under the section stating, "Describe this job. What did you do all day?" Finch wrote "Cleaned 8 years & Laundry & Then Dietary." On another form, under "Work Background," Finch described her duties as "cook & server/laundry & housekeeper."

Reports by Finch's medical examiners contained brief descriptions of her job duties. A medical report dated February 2017

stated that Finch "last worked six months ago . . . as a cook/server." A psychological report stated that Finch was "employed for 15 years in food services."

Finch submitted letters from her former coworkers. Dyan Gleason stated that Finch worked "in Housekeeping, Laundry and Dietary with me as Food Service and Cook with me helping her" because Finch "could not read [and] understand the recipe directions." Judy Smith stated that Finch's only difficulty was that she "couldn't read the recipes [and] diet cards."

At the initial consideration level, the examiner determined that Finch had a severe intellectual disorder as well as anxiety and obsessive-compulsive disorders. Based on Finch's self-reported job title of "diet[ar]y cook," the examiner categorized Finch's past relevant work as a "dietary [a]ide" and determined that she was not disabled because she could perform that work as it was generally performed in the national economy.

At a hearing, the administrative law judge stated that Finch had described her past work at the nursing home as "housekeeping, dietary aide type of work" and that "a lot of it was cleaning related" with "some dietary duties, too." He asked the vocational expert if she had questions about those duties or if she was prepared to classify the work. The vocational expert classified Finch's past work as that of a cleaner and cited Dictionary of Occupational Titles 323.687-010. The administrative law judge asked Finch's counsel if he had any questions or concerns with that classification, and counsel responded that he did not.

After the administrative law judge asked Finch about her specific job duties, she testified, "Well, they had me cooking and I told them I didn't want to cook because I didn't know how to do everything, but they had me cooking, and I served, and I cleaned up, and I washed dishes and stuff." The administrative law judge explained that those duties went "beyond just cleaning responsibilities" and asked Finch whether she performed those duties for a short time. Finch responded that she "did it for about two years" before switching to "cleaning and serving and washing dishes and stuff." The administrative law judge asked the vocational expert if, based on Finch's testimony, the cleaning position was an appropriate classification of her long-term work. The vocational expert confirmed that she was "familiar with the job of dietary aide, which would have been what [Finch] may have performed for perhaps a short period of time." The administrative law judge explained that because some of the earlier agency findings referenced "dietary aide," he wanted to confirm whether the job would be available if the vocational expert "had used dietary aide instead of or in addition to cleaner." The vocational expert confirmed that the job would be available based on the capacity he provided.

The administrative law judge found that Finch was not disabled because she could perform her past relevant work as a cleaner as it was actually and generally performed. After Finch received two new medical examinations, the Appeals Council vacated and remanded the decision based on the new medical evidence. At a second hearing, Finch's past work was not discussed, and the administrative law judge again found that she was not

disabled because she could perform her past relevant work as it was actually and generally performed, explaining that the "vocational expert testified that [Finch] would be able to perform the requirements of this job, based on either description." The Appeals Council denied her request for review.

Finch sought review in the district court and argued for the first time that the administrative law judge erred by identifying her past relevant work as that of a "cleaner" instead of as a composite job consisting of "cleaner" and "dietary aide." The district court concluded that substantial evidence supported the decision because Finch cooked and prepared food, which were the two main duties of a dietary-aide position, for only two years, and washing dishes and serving were minor duties of the position, which were "not 'significant' to bring this into the purview of a composite job."

We review the administrative law judge's decision "to determine whether it is supported by substantial evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* We will not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). Even if the preponderance of the evidence weighs against the decision, we will affirm so long as substantial evidence supports the decision. *Buckwalter*, 5 F.4th at 1320.

A composite job involves "significant elements of two or more occupations and, as such, [has] no counterpart in the [Dictionary]." Soc. Sec. Ruling 82-61, 1975-1982 Soc. Sec. Rep. Serv. 836 (1982). Past relevant work may qualify as a composite job "if it takes multiple [Dictionary] occupations to locate the main duties of the [past relevant work] by the claimant." *Past Relevant Work (PRW) as the Claimant Performed It*, Program Operations Manual Systems DI 25005.020; *see Wash. State Dep't of Soc. & Health Servs. v. Keffeler*, 537 U.S. 371, 385 (2003). A job may involve duties beyond what the Dictionary outlines without being a composite job, such as where a claimant's past work "may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy." Soc. Sec. Ruling 82-61. But the inability to perform these "excessive functional demands" actually required in the former job does not render a claimant disabled if she can perform the functional demands and job duties as generally required throughout the economy. *Id.*

Substantial evidence supports the administrative law judge's determination that Finch's past work was not a composite job. The record refutes Finch's argument that the administrative law judge erred by assuming that her past work was that of a cleaner without considering the possibility of a composite job. At the hearing, the administrative law judge developed the record by clarifying Finch's daily job duties. He considered Finch's initial response and asked for further clarification because, "in terms of cooking and serving," her duties appeared to extend "beyond just cleaning

responsibilities." Finch explained that she did this "for about two years" and then did "cleaning and serving and washing dishes and stuff." Based on Finch's testimony and references in the record to a dietary-aide position, the administrative law judge asked the vocational expert if Finch's testimony about her long-term work still would fit the classification for cleaner, and the expert confirmed that it did and explained that she was familiar with the dietary-aide position and that the position might have been an appropriate classification for "a short period of time" but not for Finch's long-term work. The administrative law judge also considered whether using the dietary-aide classification *"in addition to"* the cleaner classification would impact the expert's opinion, and she confirmed that it would not. Finch's counsel denied having any "questions or concerns" about this classification of her past work.

Finch argues that substantial evidence does not support this classification because her forms, reports by medical examiners, and letters from coworkers referenced food services. Although the record contains references to food services, the record supports the administrative law judge's finding that Finch's long-term work was that of a cleaner, even if she performed duties that aligned with that of a dietary aide for a shorter term. *Buckwalter*, 5 F.4th at 1320. Finch's most detailed description of her duties stated that she "cleaned [for] 8 years," which accounts for most of her 15-year tenure at the nursing home, as well as laundry and "then dietary," suggesting that she began her dietary duties more recently than her cleaning and laundry duties. Although she testified that she cleaned and served, "serving" is not one of the primary responsibilities of a

dietary aide. *See Dictionary of Occupational Titles* 319.677-014 (listing the top five duties of a dietary aide as preparing and delivering food by reading production orders and determining items to place on trays, placing items on trays, preparing food items, placing servings into a blender for soft or liquid diets, and apportioning and placing food servings on plates). To establish that her position was a composite job, Finch had to prove that serving was one of the "main duties" of her position at the nursing home. Program Operations Manual System DI 25005.020(B); *see* Soc. Sec. Ruling 82-61 (requiring that a composite job have "significant elements of two or more occupations"). Although Finch had additional responsibilities such as serving, she did not establish that these were main parts of her long-term work duties compared with her cleaning responsibilities, nor did she suggest through counsel at either hearing that the cleaner classification was incorrect.

We **AFFIRM** the denial of Finch's application for benefits.